IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

DISTRICT EQUITIES REAL ESTATE, LLC :
 :
  Plaintiff :
 :
v. : Case No. 1:19-cv-01096 AJT JFA
 :
URBANSPACE TYSONS, LLC :
 :
  Defendant :

## MOTION TO CONSOLIDATE REQUESTS FOR INJUNCTIVE RELIEF

Plaintiff, District Equities Real Estate, LLC ("District Equities"), by and through its attorneys, Jeffrey M. Schwaber, Deanna L. Peters, and Stein Sperling Bennett De Jong Driscoll PC, pursuant to Federal Rule of Civil Procedure Rule 42, hereby files this Motion to Consolidate Requests for Injunctive Relief to consolidate any hearing on District Equities' (i) Motion for Preliminary Injunction Against Urbanspace Tysons, LLC ("Request for Injunction Against Urbanspace Tysons"), filed in the above-captioned matter and (ii) Motion for Preliminary Injunction Against Foodhall Holdings, LLC ("Request for Injunction Against Foodhall"), filed in Case No. 1:19-cv-01266-AJT-JFA, and in support thereof states as follows:

1. On August 19, 2019, District Equities filed its Complaint against Urbanspace Tysons, LLC ("Urbanspace Tysons") in the above-captioned matter. The Complaint alleges Urbanspace Tysons' tortious interference with a Consulting Agreement that District Equities entered into with Foodhall Holdings, LLC (the "Agreement") and violations of the Virginia Business Conspiracy Act and the Virginia Uniform Trade Secrets Act (the "Lawsuit").

2. The Complaint arises out of, among other things, Urbanspace Tysons' improper acquisition and use of District Equities' confidential and proprietary information.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

1

3. Specifically, as more fully alleged in the Complaint, on or about October 15, 2018, District Equities executed the Agreement, pursuant to which District Equities was engaged as a Consultant to, among other things, identify vendors to operate in what would become the Taste of Urbanspace foodhall in Tysons Galleria (the "Tysons Galleria Foodhall Project"). District Equities was retained for such role because Urbanspace—the brand of companies that wished to pursue the opportunity to operate the foodhall—had no presence whatsoever in the Washington Metropolitan Area, and therefore could not possibly pursue the Tysons Galleria Foodhall Project on its own. Urbanspace, however, was uniquely aware of District Equities' knowledge and foothold in the Washington Metropolitan Area markets—and particularly of its deep relationships in the local food and restaurant world—which District Equities had developed and cultivated over a number of years. As a result, District Equities was approached to help make the Tysons Galleria Foodhall Project opportunity possible for Urbanspace.

4. District Equities was reticent to pair with Urbanspace, because among other things, District Equities was concerned that its knowledge, goodwill and proprietary customers lists and relationships, which took years of devoted time and resources to curate, would be exploited, only for District Equities then to be cut out of the deal.

5. However, District Equities' concerns were assuaged by the promise of an eventual more robust joint venture and the decision that District Equities would be the sole point of contact on the ground with the prospective—and eventually, actual—tenants. In addition, District Equities also was assured that its relationships with vendors would remain proprietary to District Equities under the parties' negotiated terms.

6. Foodhall—which drafted the Agreement—identified itself as the proper party to contract with District Equities for the Tysons Galleria Foodhall Project. Based upon District

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Equities insistence, among other things, the Agreement imposed restrictions on Foodhall's ability to use District Equities' confidential and proprietary information as well as it limited Foodhall's contact with any vendors originated and placed in the project by District Equities.

7. However, in what was made to seem like a last-minute sudden change in plans, Urbanspace Tysons was made the operator and interface of the Tysons Galleria Foodhall Project. As a result, Urbanspace Tysons became the natural—and ultimately, the actual—recipient of District Equities' confidential and proprietary information, thus purporting to strip away the explicit contractual protections that District Equities had bargained for as a precondition to District Equities' agreement to join the Tysons Galleria Foodhall Project in the first instance.

8. As ultimately revealed by the actions of Urbanspace Tysons and Foodhall, District Equities' worst fears were well-grounded. Once District Equities successfully accomplished its part under the Agreement, it surreptitiously was terminated, without cause, and cut out of the Tysons Galleria Foodhall Project all together. Even worse, Foodhall and Urbanspace Tysons are using District Equities' proprietary relationships as their own and in addition to that, they are trying to renegotiate longer-term licenses with the tenants originated by District Equities at terms less favorable to those tenants than previously promised. As such, District Equities was forced to pursue its legal remedies.

9. More specifically, pursuant to an arbitration clause in the Agreement, on August 16, 2019, District Equities filed a Demand for Arbitration with the American Arbitration Association against Foodhall for breach of the confidentiality provisions, among others, of the Agreement. This lawsuit against Urbanspace Tysons—which was not a signatory to the Agreement and therefore did not agree to arbitration—followed.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

10. In light of Foodhall and Urbanspace Tysons' continued and ongoing exploitation of District Equities' confidential and proprietary information, among others things, District Equities has been forced to seek injunctive relief in order to preserve the status quo such that this Court in this lawsuit and/or the Arbitrator in the Arbitration are able to render a meaningful judgment/decision on the merits.

11. To this end, District Equities has filed the Request for Injunction Against Urbanspace Tysons in the above-captioned matter. In addition, District Equities also has initiated a separate action in this Court against Foodhall by filing its Request for Injunction Against Foodhall, which seeks the entry by this Court of a preliminary injunction pending disposition on the merits of the Arbitration.

12. Both the Request for Injunction Against Urbanspace Tysons and the Request for Injunction Against Foodhall seek preliminary injunctions that enjoin each entity's continued use of District Equities' confidential and proprietary information pending resolution of the Lawsuit and/or Arbitration. Furthermore, District Equities asks this Court to enjoin Urbanspace Tysons and Foodhall from usurping in the interim District Equities' contractual role to serve as the point of contact for the tenants of the Tysons Galleria Foodhall Project that were originated by District Equities.

13. Pursuant to Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may … join for hearing … any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1).

14. As set forth herein, the Request for Injunction against Urbanspace Tysons in the Lawsuit and the Request for Injunction against Foodhall in the Arbitration involve nearly

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

identical facts.[1] Counsel of record is the same for Urbanspace Tysons in the Lawsuit and Foodhall in the Arbitration. Therefore, it is in the interest of judicial efficiency and conservation of party resources to consolidate the hearings, to have these identical facts presented to and heard by this Court once.

WHEREFORE, District Equities respectfully requests that this Court:

A. Consolidate the hearing on the Request for Injunction Against Urbanspace Tysons filed in the instant matter with the hearing on the Request for Injunction Against Foodhall filed in Case No. 1:19-cv-01266-AJT-JFA, to be heard in the above-captioned case before the Honorable Anthony J. Trenga; and

B. Grant such other and further relief as the nature of its cause may require.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: *Jeffrey M. Schwaber*

Jeffrey M. Schwaber (35466)
jschwaber@steinsperling.com
301-354-8110 (facsimile)
Deanna L. Peters (47851)
dpeters@steinsperling.com
301-354-8131 (facsimile)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020

*Attorneys for District Equities, LLC*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

---

[1] In fact, the same affidavits have been submitted in support of the Request for Injunction Against Urbanspace Tysons and the Request for Injunction Against Foodhall.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 2d day of October 2019, a copy of the foregoing was served electronically through CM/ECF, to the following person(s):

  Adam L. Shaw, Esq.
  Alec W. Farr, Esq.
  Bryan Cave Leighton Paisner LLP
  1155 F Street NW, Suite 700
  Washington, D.C. 20004

  *Counsel for Defendant*

*Jeffrey M. Schwaber*
Jeffrey M. Schwaber

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020